# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 18-1534V
UNPUBLISHED

| | |
|---|---|
| JAMIE BLAYLOCK,<br><br>                    Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: February 6, 2020<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Shoulder<br>Injury Related to Vaccine<br>Administration (SIRVA) |

*Lawrence D. Greenbaum, McAnany, Van Cleave & Phillips, P.A., Kansas, KS, for Petitioner.*

*James Vincent Lopez, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION AWARDING DAMAGES[1]

On October 4, 2018, Jamie Blaylock filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered injuries, including shoulder injury related to vaccine administration (SIRVA), resulting from the adverse effects of an influenza vaccination received on October 4, 2016. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On October 25, 2019, a ruling on entitlement was issued, finding Petitioner entitled to compensation for SIRVA. On February 5, 2020, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $91,906.04. Proffer at 1. In the Proffer, Respondent represented that Petitioner agrees

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

with the proffered award.  *Id.*  Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $91,906.04 in the form of a check payable to Petitioner.**  This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

JAMIE BLAYLOCK,

          Petitioner,

   v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

          Respondent.

No. 18-1534V
Chief Special Master Corcoran (SPU)
ECF

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

I.    **Compensation for Vaccine Injury-Related Items**

On October 24, 2019, respondent filed a Rule 4(c) Report conceding that petitioner is entitled to vaccine compensation for her Shoulder Injury Related to Vaccine Administration ("SIRVA") injury suffered following receipt of an influenza vaccination on October 4, 2016. On October 25, 2019, a Ruling on Entitlement, adopting respondent's recommendation, was issued.

Based upon the evidence of record, respondent proffers that petitioner[1] should be awarded $91,906.04. This is comprised of pain and suffering ($90,000) and past unreimbursed out-of-pocket medical expenses ($1,906.04), and represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).[2] Petitioner agrees.

---

[1] Petitioner is a competent adult, therefore evidence of guardianship is not required in this case.

[2] Should Petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.

## II.      Form of the Award

Respondent recommends that the compensation provided to petitioner should be made

through:

>    a lump sum of **$91,906.04** in the form of a check payable to petitioner. This
>    amount represents compensation for all damages that would be available under 42
>    U.S.C. § 300aa-15(a).

Petitioner agrees.

<div style="margin-left:40%">

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

ALEXIS B. BABCOCK
Assistant Director
Torts Branch, Civil Division

s/ JAMES V. LOPEZ
James V. Lopez
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146, Ben Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 616-3655
Fax: (202) 616-4310
Email: james.lopez@usdoj.gov

</div>

Dated: February 5, 2020