# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-1534V
(not to be published)

| | |
|---|---|
| JAMIE BLAYLOCK,<br><br>    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>    Respondent. | Chief Special Master Corcoran<br><br>Filed: September 14, 2020<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs |

*Lawrence D. Greenbaum*, McAnany, Van Cleave & Phillips, P.A., Kansas, KS, for Petitioner.

*James Vincent Lopez,*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On October 4, 2018, Jamie Blaylock filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered injuries, including a shoulder injury related to vaccine administration, resulting from the adverse effects of an influenza vaccination received on October 4, 2016. (Petition at 1). On February 6, 2020, a decision

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

was issued awarding compensation to Petitioner based on the Respondent's proffer. (ECF No. 37).

Petitioner has now filed a motion for attorney's fees and costs, dated May 1, 2020, (ECF No. 42), requesting a total award of $39,892.19 (representing $39,190.00 in fees and $702.19 in costs). In accordance with General Order No. 9, Petitioner filed a signed statement indicating that she incurred out-of-pocket expenses in the amount of $258.56. (ECF No. 42-7). Respondent reacted to the motion on May 5, 2020, stating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, and deferring calculation of the award to my discretion. (ECF No. 43). Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests, and find a reduction in the amount of fees to be awarded appropriate for the reason(s) listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. at 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Id.* at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive,

redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S., at 434.

## ATTORNEY FEES

A. <u>Hourly Rates</u>

Petitioner requests that I endorse the following hourly rates: for attorney Larry Greenbaum, $450 per hour for all time billed; associate Jared Cluck, $200 per hour for all time billed; law clerk Eric M. Korth, $150 per hour for all time billed; and legal assistant Donna McDaniel, $150 per hour for all time billed. I find adjustments are needed to the rates requested, due to counsel's inexperience in the Vaccine Program.

Mr. Greenbaum has been a practicing attorney since 1984, placing him in the range of attorneys with over 31 years of experience. (ECF No. 42 at 1). The requested rates are all within the Vaccine Program's published range for attorneys at his level of overall experience, albeit on the highest end of the range.[3] However, Mr. Greenbaum does not have demonstrated Vaccine Act experience, with this matter being his first Program case. It is therefore improper for Mr. Greenbaum to receive rates established for comparably experienced counsel who *also* have lengthy experience in the Program. *See McCulloch v. Health and Human Services*, No. 09–293V, 2015 WL 5634323, at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (stating the following factors are paramount in deciding a reasonable forum hourly rate: experience in the Vaccine Program, overall legal experience, the quality of work performed, and the reputation in the legal community and community at large).

Similarly, the requested rates for the Mr. Cluck and Ms. McDaniel are on the highest end of their respective ranges. While they individually may have ample experience performing their jobs, that experience is not in the Vaccine Program.

---

[3] These rates are derived from the undersigned's application of the OSM Attorneys' Forum Hourly Rate Schedules and are available on the U.S. Court of Federal Claims website at www.cofc.uscourts.gov/node/2914.

Accordingly, I find it reasonable to reduce the requested hourly rates to the following:

|  | **2018** | **2019** | **2020** |
|---|---|---|---|
| **Greenbaum** | $415 | $430 | $450 |
| **Cluck** | $165 | $180 | $200 |
| **McDaniel** | $130 | $140 | $150 |

This reduces the overall attorney's fees to be awarded in this matter by **$2,306.00**.[4]

B. <u>Non-Compensable Billing</u>

The present fees requests also seeks reimbursement for certain tasks that the Vaccine Program does not compensate for, including time spent engaged in professional development relative to Mr. Greenbaum's inexperience with the Vaccine Program. "[I]t is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." *Matthews v. Sec'y of Health & Human Servs.*, No. 14-1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). "An inexperienced attorney may not ethically bill his client to learn about an area of law in which he is unfamiliar. If an attorney may not bill his client for this task, the attorney may also not bill the Program for this task." *Carter v. Sec'y of Health & Human Servs.*, No. 04-1500V, 2007 WL 2241877, at *5 (Fed. Cl. Spec. Mstr. July 13, 2007).

Examples of these inappropriately billed tasks include the following:

- August 28, 2020 (1.30 hrs) "Analysis of Shoulder Injury related to Vaccine Administration cases in order to find a sample Petition in order to ensure that the Petition filed on behalf of Ms. Blaylock would have the highest chance at being successful";

---

[4] This amount consists of: ($450 - $415 = $35 x 38.8 hrs = $1,358.00) + ($450 - $430 = $20 x 11.60 hrs = $232) + ($200 – $165 = $35 x 9.8 hrs = $343) + ($200 - $180 = $20 x 1 hr = $20) + ($150 - $130 = $20 x 1.90 hrs = $38) + ($150 - $140 = $10 x 31.50 hrs = $315) = $2,306.00.

- September 20, 2020 (0.30 hrs) "Drafted affidavit to accompany Lawrence Greenabum's application for admission to the Federal special court of claims";
- September 20, 2020 (0.40 hrs) "Drafted letter regarding Lawrence D. Greenbaum's admission to the bar of the United States Federal court of claims"; and
- October 3, 2018 (0.50 hrs) "Assisted with application to practice before the United States Court of Federal Claims."

(ECF No. 42-1 at 5 and 6).

This further reduces the amount in fees to be awarded by **$1,042.00**.[5]

## ATTORNEY COSTS

Petitioner requests $702.19 in overall costs. (ECF No. 42-1 at 35). This amount is comprised of the cost for bar admission to the Court of Federal Claims, the Court's filing fee, and online research. I find the majority of these reasonable, with the exception of the $281.00 charge associated with "Filing fee for Application for Admission to Practice – Clerk of the U.S. Court of Federal Claims" Costs associated with admission to the Court of Federal Claims are not reimbursable in the Vaccine Program, and the requests for these fees is denied. Costs to be awarded are thus reduced by **$281.00**.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). **Petitioner is awarded the total amount of $36,521.75[6] as follows:**

- **A lump sum of $36,263.19, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to Petitioner and Petitioner's counsel, and**

---

[5] This amount consists of ($415 x 1.40 hrs = $581) + ($165 x 2.4 hrs = $396) + ($130 x 0.50 hrs = $65) = $1,042.00.

[6] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

5

- **A lump sum of $258.56, representing reimbursement for Petitioner's costs, in the form of a check payable to Petitioner.**

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[7]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[7] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.